

FILED

AUG 2 9 2008

PATRICK E. DUFFY, CLERK
By_____
         DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| PENN-AMERICA INSURANCE COMPANY, | ) | CV 08-40-H-DWM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| THE RIALTO, INC., and ROWDY SARGESON, | ) | |
| Defendant. | ) | |

Rowdy Sargeson brought suit in the Montana First Judicial District Court in Lewis and Clark County against The Rialto, Inc. for injuries he allegedly suffered during an incident at the bar. The Complaint alleges as follows:

> Rowdy had just arrived with a female friend and had ordered a beer, which was served to him. After Rowdy had been seated, a bouncer asked Rowdy and his friend to leave, indicated that he had asked Rowdy to leave on a prior occasion. The bouncer had not asked Rowdy to leave, as Rowdy and his friend had just arrived at the bar.
>
> The bouncer then grabbed Rowdy from his chair and began to drag him out of the bar. Two other bouncers assisted the first in dragging Rowdy from the building. While they were dragging Rowdy from the bar, Rowdy

        suffered serious and ongoing injuries. The bouncers'
        actions in their entirety were unprovoked and unreasonable.

The Complaint states claims for negligence and negligent supervision.

At the time of the incident, The Rialto was covered by an insurance policy issued by Penn-America Insurance Company. Penn-America assumed the defense of The Rialto in the state action under a reservation of rights. Penn-American then brought the instant case against Sargeson and The Rialto seeking a declaratory judgment that it is not required to defend The Rialto or pay any portion of a judgment or settlement entered in the state action. Penn-America claims no coverage is available under the insurance policy for the incident at the bar because of the policy's exclusions for expected or intended injury and assault and battery.

Defendant Sargeson moves to dismiss this action for failure to state a claim upon which relief can be granted. Sargeson argues the exclusions in the policy do not apply because his state court complaint alleges negligence and negligent supervision, not intentional acts or assault and battery.

"To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). In assessing whether the

plaintiff has met this burden, the court may only consider allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. <u>Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean Geological Formation</u>, 524 F.3d 1090, 1096 (9th Cir. 2008). The court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the plaintiff. <u>Id</u>.

If a claim is not covered by an insurance policy, then the insurer has no duty to defend the insured. <u>Brabeck v. Employers Mut. Cas. Co.</u>, 16 P.3d 355, 470. "An insurer's duty to defend its insured is determined by the language of the insurance policy." <u>Id</u>. at 471. "Coverage is based upon the acts giving rise to the claim, not necessarily the language of the complaint." <u>Id</u>.

The insurance policy at issue excludes coverage for bodily injury "expected or intended from the standpoint of the insured." It also excludes coverage for bodily injury or medical expenses arising out of an assault, battery, or physical altercation that occurs on the insured's premises whether or not caused by or arising out of the insured's act or omission in connection with the prevention, suppression, or failure to warn of the assault or battery, including but not limited to negligent hiring or

supervision. Although Sargeson's state court complaint only alleges negligence and negligent supervision, the acts giving rise to those claims, as described in the complaint, could fall within the insurance policy's exclusions for expected or intended injury and assault and battery. Penn-America therefore has alleged sufficient facts to state a claim to relief that is plausible on its face. Accordingly,

IT IS HEREBY ORDERED that Defendant Sargeson's motion to dismiss (dkt #4) is DENIED.

Dated this 29th day of August, 2008.

_____
Donald W. Molloy, District Judge
United States District Court